# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

101 PIPE & CASING INCORPORATED,

    Plaintiff(s),

v.

KINGMAN FARMS, LLC, et al.,

    Defendant(s).

Case No.: 2:20-cv-00067-JCM-NJK

**Order**

[Docket No. 26]

Pending before the Court is Plaintiff's application for entry of judgment against Garnishee Harmony Homes, Inc. Docket No. 26; *see also* Docket No. 34 (errata correcting name of garnishee). Harmony Homes filed a response in opposition. Docket No. 33. Plaintiff filed a reply. Docket No. 35. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion for entry of judgment is hereby **DENIED** without prejudice.

The instant motion practice suffers from two threshold deficiencies, one that is factual and one that is legal. The factual deficiency relates to the writ of garnishment with the interrogatories that Plaintiff asserts were served, attached to the motion at Exhibit 5. *See* Docket No. 26 at 24-33.[1] In support of its showing on service, Plaintiff provides an affidavit from the deputy constable that the writ of garnishment[2] that he served had been provided to him on August 8, 2020. *Id.* at

---

[1] Counsel filed a single document combining the motion and exhibits thereto. *See* Docket No. 26; *see also* Docket No. 35 (single filing combining the reply and exhibits thereto). The local rules require exhibits to be docketed as separate files. Local Rule IC 2-2(a)(3)(A). Counsel must comply with this requirement moving forward.

[2] The affidavit of service does not describe the material served other than stating that it is a "WRIT OF GARNISHMENT." Docket No. 26 at 35.

1

35.³ Although the writ of garnishment attached at Exhibit 5 is not dated with any signature,⁴ it is dated and time-stamped as follows: "MAC:15225-001 4120475_1 **8/17/2020** 10:30 AM." *Id.* at 28-33 (emphasis added). Hence, the deputy constable attests to having received on August 8 the document that was eventually served, but the exhibit attached to the motion was not generated until August 17. Nonetheless, no explanation has been advanced as to how the Court can conclude that the document filed at Exhibit 5 is the document that was served by the deputy constable. Nor has argument been advanced that the record is otherwise sufficient to find the interrogatories in question had been served notwithstanding the above discrepancy.

The legal deficiency relates to the lack of adequate briefing on the governing statute regarding the Court's ability to exercise discretion to afford relief from entry of judgment. Plaintiff argues that the Court lacks any discretion to consider the existence of excusable neglect because N.R.S. 31.320(1) indicates that the Court "shall" enter judgment if interrogatories are not responded to in a timely fashion. *See* Docket No. 26 at 5-6; *see also* Docket No. 35 at 2-3. Plaintiff has not addressed the second subsection of the statute, however, which imbues the Court with discretion to provide a garnishee defendant with relief from judgment for "the same reasons and upon the same terms and conditions as provided for by rule of court for relief from a judgment or order in civil cases." N.R.S. 31.320(2). Moreover, the Federal Rules of Civil Procedure expressly allow for relief from judgment upon a showing of excusable neglect. Fed. R. Civ. P. 60(b)(1). Plaintiff has not explained why the Court does not have discretion, pursuant to N.R.S. 31.320(2) and Rule 60(b)(1), to consider Harmony Homes' excusable neglect argument at this stage.⁵

Accordingly, the motion for entry of judgment is hereby **DENIED** without prejudice. Any renewed motion must specifically explain how, in light of the timing issue identified above, the record suffices to establish that interrogatories were served on Harmony Homes to which no

---

³ The deputy constable attests that the writ of garnishment was served on Aubree Green. *Id.* at 35. Ms. Green filed a declaration that she has no recollection of receiving that document, but she assumes that she did given the deputy constable's affidavit. *See* Docket No. 33-2 at ¶ 10.

⁴ The signature line and date for the constable are blank. *See id.* at 30.

⁵ Nor has Harmony Homes properly addressed the issue. It block-quotes the statute and relies on Rule 60 without elaborated discussion. *See* Docket No. 33 at 8, 9-11.

responses were timely provided. Any renewed motion must also specifically explain whether judicial discretion exists to entertain an excusable neglect argument at this juncture pursuant to N.R.S. 31.320(2) and Rule 60(b)(1).[6]

IT IS SO ORDERED.

Dated: April 19, 2021

                                                                                                        _____
                                                                                                        Nancy J. Koppe
                                                                                                        United States Magistrate Judge

---

[6] If Plaintiff is disputing the existence of excusable neglect on the substance of Harmony Homes' argument, Plaintiff must also provide meaningfully developed argument on that issue in the renewed motion practice.